UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| FRERICHS, JARED,<br><br>Plaintiff,<br><br>v.<br><br>SPOKANE CITY POLICE DEPARTMENT,<br><br>Defendant. | No.<br><br>SPOKANE COUNTY SUPERIOR COURT CASE NO. 23-2-03858-32<br><br>VERIFICATION OF COUNSEL |

I, Lynden Smithson, state and verify as follows:

1. I am the City Attorney for the City of Spokane. I, along with Assistant City Attorney Nathaniel Odle, represent Defendant Spokane Police Department. I have personal knowledge of the facts set forth in this verification and am otherwise competent to testify to the matters set forth herein.



Lynden P. Smithson, City Attorney
OFFICE OF THE CITY ATTORNEY
808 W. Spokane Falls Blvd.
Spokane, WA 99201-3326
(509) 625-6225
FAX (509) 625-6277

2. I verify that I reviewed the docket for Spokane County Superior Court for case no. 23-2-03858-32 and the following exhibits attached as Exhibits A – E. Attached hereto are true and correct copies of all the records and proceedings that are on file with the Clerk of the Spokane County Superior Court in this matter as of September 25, 2023.

A. Case Information Cover Sheet, filed September 18, 2023;

B. Summons and Complaint, filed September 18, 2023;

C. "Memorandum of Authorities for the Fourth Amendment", filed September 18, 2023;

D. "Memorandum of Authorities for the Second Amendment", filed September 18, 2023; and

E. Note for Hearing Issue of Law, filed September 18, 2023.

I declare under penalty of perjury that the foregoing is true and correct.

DATED this 25 day of September, 2023.

Lynden Smithson, WSBA #28865
Nathaniel Odle, WSBA #39602
Attorneys for Defendant



Lynden P. Smithson, City Attorney
OFFICE OF THE CITY ATTORNEY
808 W. Spokane Falls Blvd.
Spokane, WA 99201-3326
(509) 625-6225
FAX (509) 625-6277

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of September, 2023, I electronically filed the foregoing "VERIFICATION OF COUNSEL" with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

*No Electronic Recipients*

I hereby further certify that I have caused to be served a true and correct copy of the foregoing documents(s) on the non-CM/ECF participants as indicated:

Jared A. Frerichs
2924 E. Baldwin Avenue
Spokane, WA 99207
*Plaintiff*

[__] VIA FACSIMILE
[X] VIA U.S. MAIL
[__] VIA OVERNIGHT SERVICE
[__] VIA HAND DELIVERY
[__] VIA EMAIL

Ashley Haile
Attorney Assistant
City Attorney's Office
808 W. Spokane Falls Blvd.
Spokane, WA 99201-3326



Lynden P. Smithson, City Attorney
OFFICE OF THE CITY ATTORNEY
808 W. Spokane Falls Blvd.
Spokane, WA 99201-3326
(509) 625-6225
FAX (509) 625-6277

# EXHIBIT A

CN: 2320385832
SN: 1
PC: 1

## SPOKANE COUNTY CLERK INDEXING SHEET

x that best describes this case. This classification in no way affects the legal action of the case.

CASE NO. 232 03858-32

FILED
SEP 18 2023
Timothy W. Fitzgerald
SPOKANE COUNTY CLERK

### CIVIL

*Tort*
- ☐ * **Medical Malpractice (MED)**
- ☐ * **Personal Injury (PIN)**
- ☐ * **Property Damage (PRP)**
- ☐ * **Wrongful Death (WDE)**
- ☐ * **Other Malpractice (MAL)**
- ☐ * **Tort Motor Vehicle (TMV)**
- ☐ * **Tort – Other (TTO)**
- ☐ Victim of Motor Vehicle Theft (VVT)

*Contract/Commercial*
- ☐ Collection (COL)
- ☐ Commercial Non-Contract (COL)
- ☐ * **Commercial/Contract (COM)**

*Property Rights*
- ☐ * **Condemnation (CON)**
- ☐ * **Foreclosure (FOR)**
- ☐ * **Quiet Title (QTI)**
- ☐ * **Land Use Petition (LUP)**
- ☐ Unlawful Detainer (UND)
- ☐ Property Fairness Act (PFA)

*Protection Order*
- ☐ Canadian DV Protection Order (CNV)
- ☐ Civil Harassment (CPO)
- ☐ Domestic Violence Protection (CPO)
- ☐ Extreme Risk Protection Order (XRP)
- ☐ Extreme Risk Protection Order Under 18 (XRU)
- ☐ Foreign Protection Order (FPO)
- ☐ Sexual Assault Protection (CPO)
- ☐ Stalking Protection (CPO)
- ☐ Vulnerable Adult Protection (CPO)

*Other Complaint/ Petition*
- ☐ Abusive Litigation (ABL)
- ☐ Consumer Protection Act (CPA)
- ☐ Employment (EMP)
- ☐ * **Injunction (INJ)**
- ☐ Malicious Harassment (MHA)
- ☐ Petition for Civil Comm (Sexual Predator) (PCC)
- ☐ Seizure of Prop from Commission of a Crime (SPC)
- ☐ Seizure of Prop from a Crime (SPR)
- ☐ Property Damage – Gangs (PRG)
- ☐ Public Records Act (PRA)
- ☐ School District – Required Action Plan (SDR)
- ☒ Miscellaneous (MSC)
- ☐ Emancipation of Minor (EOM)
- ☐ * **Minor Settlement (MST)**
- ☐ * **Structured Settlement (MSC)**
- ☐ Relief from Duty to Register (RDR)
- ☐ Restoration of Firearm Rights (RFR)

*Writs*
- ☐ Writ of Habeas Corpus (WHC)
- ☐ Miscellaneous Writs (WMV)

*Appeal/Review*
- ☐ * **Administrative Law Review (ALR)**
- ☐ * **Lower Court Appeal – Civil (LCA)**
- ☐ * **Lower Court Appeal – Traffic (LCI)**
- ☐ * **Dept. of Licensing Revocation (DOL)**

*Judgment*
- ☐ **Tax Warrants (TAX)**
- ☐ **Abstract of Judgment (ABJ)**
- ☐ **Transcript of Judgment (TRJ)**
- ☐ **Foreign Judgment (FJU)**

### DOMESTIC
- ☐ ** **Annulment – Invalidity (INV)**
- ☐ ** **Dissolution with Children (DIC)**
- ☐ ** **Dissolution – No Children (DIN)**
- ☐ ** **Dissolution Dom Partnership with Children (DPC)**
- ☐ ** **Dissolution Dom Partnership – No Children (DPN)**
- ☐ ** **Invalidity – Domestic Partnership (INP)**
- ☐ ** **Legal Separation (SEP)**
- ☐ ** **Legal Separation – Domestic Partnership (SPD)**
- ☐ ** **Parenting Plan/Child Support (PPS)**
- ☐ * **Committed Intimate Relationship w/Children (CIR)**
- ☐ * **Committed Intimate Relationship -No Children (CIR)**
- ☐ * **DeFacto Parentage (DFP)**
- ☐ Modification (MOD)
- ☐ Modification: Support Only (MDS)
- ☐ Out of State Custody (OSC)
- ☐ Foreign Judgment (FJU)
- ☐ Mandatory Wage Assignment (MWA)
- ☐ Miscellaneous (MSC)
- ☐ *** **Relative Visitation (RCV)**
- ☐ Reciprocal, Respondent-In-County (RIC)
- ☐ Reciprocal, Respondent-Out-of-County (ROC)

### PATERNITY/ADOPTION

*Paternity*
- ☐ Paternity (PAT)
- ☐ Paternity/URESA/UIFSA (PUR)

*Adoption*
- ☐ Adoption (ADP)
- ☐ Confidential Intermediary (MSC)
- ☐ Relinquishment (REL)
- ☐ Initial Pre-Placement Report (PPR)

*Name Change*
- ☐ Confidential Name Change (CHN)

### PROBATE/GUARDIANSHIP
- ☐ Absentee (ABS)
- ☐ Disclaimer (DSC)
- ☐ Estate (EST)
- ☐ Foreign Will (FNW)
- ☐ Will Only (WLL)
- ☐ Miscellaneous (MSC)
- ☐ Trust (TRS)
- ☐ Trust/Estate Dispute Resolution (TDR)
- ☐ Sealed Will Repository (SWR)
- ☐ Small Estate Affidavit (SEA)
- ☐ Guardianship (GDN)
- ☐ Guardianship of the Person (GDN)
- ☐ * **Minor Guardianship Custody (MGC)**
- ☐ Non-Probate Notice to Creditors (NNC)
- ☐ ***Emergency Minor Guardianship (EMG)**
- ☐ ***EmergencyMinorGuardianship/Conservatorship(EGC)**
- ☐ Minor Conservatorship (MCE)
- ☐ Standby Minor Guardianship (SMG)
- ☐ Limited Guardianship (LGD)
- ☐ Limited Guardianship of the Person (LGP)
- ☐ Limited Guardianship of the Estate (LGE)
- ☐ * **Minor Settlement (MST)**

**ATTENTION:**
- CASES MARKED WITH AN * RECEIVE A CASE ASSIGNMENT NOTICE
- CASES MARKED WITH ** RECEIVE A CASE ASSIGNMENT NOTICE AND A COURT'S AUTOMATIC TEMPORARY ORDER
- CASES MARKED WITH *** RECEIVE A CASE ASSIGNMENT NOTICE WITH A JUDGE ONLY

# EXHIBIT B

CN: 2320385832
SN: 2
PC: 3

FILED
SEP 18 2023
Timothy W. Fitzgerald
SPOKANE COUNTY CLERK

| Superior Court of Washington For Spokane, County | 232 03858-32 No. To Be Assigned |
| --- | --- |
| Frerichs, Jared A. September 8, 1982<br>Petitioner<br>vs.<br>City of Spokane, Police Department 1881<br>Defendant | Summons 20-Days |

SUMMONS

The People of the State of Washington to the Defendant, the Spokane City Police Department:

You are hereby summoned and required to serve upon Plaintiff, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

Dated this 15th day of September, 2023

/s/ Clerk of the Court

I certify under penalty of perjury under the laws of the state of Washington that the foregoing is true and correct.

Dated: 18 SEP 2023 at BILLINGS, MT.

Signature of Plaintiff

JARED A. FRERICHS
Printed name of Plaintiff

FILED
SEP 18 2023
Timothy W. Fitzgerald
SPOKANE COUNTY CLERK

**Superior Court of Washington**
**For Spokane, County**

Frerichs, Jared A. September 8, 1982
Petitioner

vs.

City of Spokane, Police Department 1881
Defendant

232 03858-32
No. To Be Assigned

**Complaint**

COMPLAINT

The Plaintiff, Jared A. Frerichs, alleges as follows against the Defendant, the Spokane City Police Department:

1. The Plaintiff was a citizen of the State of Washington.
   a. Address: 2924 E. Baldwin Ave, Spokane WA 99207
   b. Phone: 406-909-0914
   c. Email: jaredfrerichs@gmail.com
2. The Defendant is a municipal corporation located in the State of Washington.
   a. Address: 1100 W. Mallon Ave, Spokane, WA 99260
   b. Phone: 509-456-2233
   c. Email: spdwebmail@spokanepolice.org
3. On or about December 19, 2018, the Defendant's officers entered the Plaintiff's home without a warrant or probable cause and confiscated the Plaintiff's firearms.
4. The Defendant's actions violated the Plaintiff's Fourth Amendment right to be free from unreasonable searches and seizures.
5. As a result of the Defendant's actions, the Plaintiff has suffered damages, including but not limited to the loss of his firearms, the cost of replacing his firearms, loss of status and emotional distress.

WHEREFORE, the Plaintiff prays for judgment against the Defendant for the following relief:

a. A declaration that the Defendant's actions violated the Plaintiff's Fourth Amendment rights; b. An order requiring the Defendant to return the Plaintiff's firearms; c. An award of damages, including but not limited to the cost of replacing the Plaintiff's firearms and emotional distress; and d. Such other and further relief as the Court may deem just and equitable.

DATED this 15th day of September, 2023.

Jared A. Frerichs

# EXHIBIT C

CN: 2320385832
SN: 3
PC: 3

FILED
SEP 18 2023
Timothy W. Fitzgerald
SPOKANE COUNTY CLERK

**Superior Court of Washington**
**For Spokane, County**

232 03858-32

**No. To Be Assigned**

Frerichs, Jared A. September 8, 1982
Petitioner

vs.

City of Spokane, Police Department 1881
Defendant

**Memorandum of Authorities for the Fourth Amendment**

Fourth Amendment Authorities

I. Introduction

The Fourth Amendment to the United States Constitution protects individuals from unreasonable searches and seizures by the government. This memorandum summarizes key Supreme Court cases that have interpreted and applied the Fourth Amendment. Specifically, it will provide an overview of authorities regarding (1) reasonable searches, (2) warrant requirements, and (3) exceptions to the warrant requirement.

II. Reasonable Searches

The touchstone of Fourth Amendment analysis is whether a search is reasonable. See Brigham City v. Stuart, 547 U.S. 398, 403 (2006). Reasonableness is determined by examining the totality of the circumstances and balancing the promotion of legitimate governmental interests against the degree to which the search intrudes on an individual's privacy. See Samson v. California, 547 U.S. 843, 848 (2006).

Several principles guide the reasonableness inquiry:

- A search must be justified at its inception and reasonably related in scope to the circumstances that justified the interference in the first place. Terry v. Ohio, 392 U.S. 1, 19-20 (1968).

- Searches generally require individualized suspicion of wrongdoing. Chandler v. Miller, 520 U.S. 305, 308 (1997). But the Fourth Amendment imposes no irreducible requirement of suspicion. United States v. Martinez-Fuerte, 428 U.S. 543, 560-61 (1976).

- Warrantless searches are per se unreasonable subject only to a few specifically established and well-delineated exceptions. Katz v. United States, 389 U.S. 347, 357 (1967).

III. Warrant Requirements

The Fourth Amendment establishes a strong preference for searches conducted pursuant to a warrant. See Illinois v. Gates, 462 U.S. 213, 236 (1983). To be valid, a warrant must be based on probable cause and be supported by oath or affirmation. U.S. Const. amend. IV.

- Probable cause means a fair probability that contraband or evidence of a crime will be found in a particular place. Gates, 462 U.S. at 238.

- Warrants must describe with particularity the place to be searched and things to be seized. The description must be specific enough to enable the searcher to reasonably ascertain and identify the things authorized to be seized. United States v. Leon, 468 U.S. 897, 923 (1984).

IV. Exceptions to the Warrant Requirement

There are several exceptions to the Fourth Amendment's warrant requirement that have been recognized by the Supreme Court:

- Exigent circumstances - A warrantless search is allowed when there is a compelling need for official action but no time to secure a warrant. Michigan v. Tyler, 436 U.S. 499, 509 (1978).

- Search incident to lawful arrest - Police can conduct a warrantless search of an arrestee's person and the area within his immediate control. United States v. Robinson, 414 U.S. 218, 235 (1973).

- Automobile exception - Police may conduct a warrantless search of a vehicle if there is probable cause to believe it contains contraband or evidence of criminal activity. California v. Acevedo, 500 U.S. 565, 579 (1991).

- Plain view doctrine - No warrant is required to seize evidence in plain view if police are lawfully in the position from which the evidence is plainly seen. Horton v. California, 496 U.S. 128, 136-37 (1990).

V. Conclusion

In sum, the Fourth Amendment requires searches to be reasonable, with warrants preferred and exceptions allowed only in limited circumstances. This memorandum provides an overview of

key Supreme Court rulings interpreting the reasonableness, warrant, and exception requirements. Please let me know if you need any clarification or additional Fourth Amendment authorities.

I certify under penalty of perjury under the laws of the state of Washington that the foregoing is true and correct.

Dated: 15 September 2023 at Billings, MT.

Signature of Plaintiff

JARED A. FRERICHS
Printed name of Plaintiff

# EXHIBIT D

CN: 2320385832
SN: 4
PC: 3

FILED
SEP 18 2023
Timothy W. Fitzgerald
SPOKANE COUNTY CLERK

232 03858-32

**Superior Court of Washington**
**For Spokane, County**

Frerichs, Jared A. September 8, 1982
Petitioner

vs.

City of Spokane, Police Department 1881
Defendant

**No. To Be Assigned**

**Memorandum of Authorities for the Second Amendment**

Second Amendment Authorities

I. Introduction

The Second Amendment provides: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II. This memorandum summarizes key Supreme Court decisions interpreting and applying the Second Amendment. Specifically, it will provide an overview of authorities regarding (1) the right to keep and bear arms, and (2) permissible restrictions.

II. The Individual Right to Keep and Bear Arms

In District of Columbia v. Heller, 554 U.S. 570 (2008), the Supreme Court held that the Second Amendment protects an individual right to possess firearms unconnected with service in a militia. The Court stated the core right protected is "the right of law-abiding, responsible citizens to use arms in defense of hearth and home." Id. at 635. In McDonald v. City of Chicago, 561 U.S. 742 (2010), the Court held that the Second Amendment right is fully applicable to the states through the Fourteenth Amendment.

Key principles from Heller and McDonald:

- The Second Amendment codifies a pre-existing individual right, not a right dependent on service in a militia. Heller at 592.

- The right is not unlimited. It is not a right to keep and carry any weapon for any purpose. Heller at 626.

- Bans on handgun possession in the home violate the Second Amendment. Heller at 628–29.

III. Permissible Restrictions on the Right

The Court in Heller stated that Second Amendment rights are not unlimited and recognized several presumptively lawful regulatory measures:

- Prohibitions on possession by felons and the mentally ill. Heller at 626–27.

- Laws forbidding firearm possession in sensitive places like schools and government buildings. Id.

- Laws imposing conditions on commercial sales of arms. Id. at 627.

The Court also endorsed an "historical tradition" test, suggesting regulations are permissible if they fall within the historical tradition of prohibiting dangerous or unusual weapons. Id. at 627-28.

Restrictions that do not severely burden the core right of armed defense in the home must generally satisfy intermediate scrutiny—a means-ends fit that is reasonable but not necessarily perfect. See Ezell v. City of Chicago, 651 F.3d 684, 708 (7th Cir. 2011). Outright bans must satisfy strict scrutiny. Id.

IV. Conclusion

The Second Amendment protects an individual right to keep and bear arms unconnected with militia service. The right is subject to certain presumptively lawful restrictions and regulations that fall within historical tradition or satisfy intermediate scrutiny under a means-end tailoring analysis. Please let me know if you need any clarification or additional Second Amendment authorities.

V. RCW 7.105.460 Enforcement and penalties—Extreme risk protection orders—False petitions.

> (1) Any person who files a petition for an extreme risk protection order knowing the information in such petition to be materially false, or with the intent to harass the respondent, is guilty of a gross misdemeanor.
> (2)(a) Except as provided in (b) of this subsection, any person who has in his or her custody or control, accesses, purchases, possesses, or receives, or attempts to purchase or receive, a firearm with knowledge that he or she is prohibited from doing so by an extreme risk protection order is guilty of a gross misdemeanor, and further is prohibited from having in his or her custody or control, accessing, purchasing, possessing, or

receiving, or attempting to purchase or receive, a firearm for a period of five years from the date the existing order expires.

(b) A person is guilty of a class C felony for a violation under (a) of this subsection if the person has two or more previous convictions for violating an order issued under this chapter.

I certify under penalty of perjury under the laws of the state of Washington that the foregoing is true and correct.

Dated: 15 September 2023 at Billings MT.

Signature of Plaintiff — Jared A. Frerichs

Printed name of Plaintiff

# EXHIBIT E

CN: 2320385832
SN: 5
PC: 1

FILED
SEP 18 2023
Timothy W. Fitzgerald
SPOKANE COUNTY CLERK

(Copy Receipt) (Clerk's Date Stamp)

**SUPERIOR COURT OF WASHINGTONCOUNTY OF SPOKANE**

232 03858-32

Plaintiff/Petitioner: Frerichs, Jared A.

vs.

Defendant/Respondent: Spokane City Police Department

CASE NO.__________

NOTE FOR HEARING
ISSUE OF LAW

(NTMTDK)

**TO THE CLERK AND TO:**

The undersigned has scheduled a motion for complaint, a copy of which is attached. The hearing is scheduled for 13th of October, 2023 at a time to be determined before the assigned judge at, **Spokane County Superior Court, 1116 W. Broadway Avenue, Spokane, WA 99260-0350.**

Motions must be confirmed NO LATER THAN 12:00 NOON, 3 DAYS BEFORE THE HEARING by contacting the judicial assistant for the assigned judge, or the presiding judge for cases that are not assigned.

Name: Jared A. Frerichs

Address: 2924 E. Baldwin Ave, Spokane Washington 99207

Phone: 406-909-0914

Email: jaredfrerichs@gmail.com

Signed: ______________________________

## AUTHORITIES

Cite those authorities which form primary basis for your legal position. Where case authority is cited, provide reference to specific page of opinion, which is controlling. Likewise reference applicable sections or subsection of statutes or court rules. This does not substitute for required Memorandum of Authorities

Applicable Statute: The Fourth Amendment of the United States Constitution; Section 7 of the Washington State Constitution.

Applicable Case Law: Brigham City v. Stuart, 547 US 398, 403 (2006); Samson v. California, 547 US 843, 848 (2006); see Memorandum of Authorities for entire list