FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 30, 2024

SEAN F. McAVOY, CLERK

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JARED A. FRERICHS,<br><br>                              Plaintiff,<br><br>    v.<br><br>SPOKANE CITY POLICE DEPARTMENT,<br><br>                              Defendant. | NO. 2:23-CV-0277-TOR<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS |

BEFORE THE COURT is Defendant Spokane Police Department's Motion to Dismiss.  ECF No. 14.  The matter was submitted for consideration without oral argument.  The Court has reviewed the record and files herein and is fully informed.  For the reasons discussed below, Defendant's Motion to Dismiss (ECF No. 14) is **GRANTED**.

## BACKGROUND

On September 18, 2023, Plaintiff filed a complaint in Spokane County Superior Court against the Spokane Police Department.  ECF No. 1 at 6.  The

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 1

complaint alleged that on or about December 19, 2018, Spokane police officers entered Plaintiff's home without a warrant or probable cause and confiscated Plaintiff's firearms.  *Id.* at 6, ¶ 3.  Plaintiff alleged that these actions violated his Fourth Amendment right to be free from unreasonable searches or seizures and that he suffered damages as a result, including the cost of replacing his firearms, loss of status, and emotional distress.  *Id.* at ¶ 5.  Plaintiff seeks the following relief: (1) a declaration that Defendant's actions violated Plaintiff's Fourth Amendment rights; (2) an order requiring Defendant to return Plaintiff's firearms; (3) an award of damages; and (4) other relief as the Court may deem just and equitable.  *Id.* at 7.

On September 25, 2023, approximately one week after the filing of Plaintiff's complaint, Defendant removed the action to this Court.  *Id.* at 3.  Defendant now brings this motion to dismiss, arguing that Plaintiff's complaint was filed outside the statute of limitations period.  ECF No. 14 at 1-2.

## DISCUSSION

Defendant argues Plaintiff's Fourth Amendment claim is subject to a three-year statute of limitations period, which began to accrue on December 19, 2018, when Defendant seized Plaintiff's firearms.  ECF No. 14 at 2.  Plaintiff responds that the unconstitutional deprivation is ongoing and therefore the statute of limitations has not run up on his claim.  ECF No. 15 at 1-2.  Alternatively, Plaintiff asserts that Defendant violated his Second Amendment rights, and that "[t]he

1  Second Amendment supports [his] challenge to the Constitutionality of the

2  Revised Code of Washington Chapter 7.105.340," which was mentioned in the

3  joint certificate of the parties' pre-scheduling conference meeting and a

4  "Memorandum of Authorities for the Second Amendment" attached to his

5  complaint. *Id.* at 2.

6  **A.    Fourth Amendment Claim**

7          The Court begins with the issue of whether Plaintiff's Fourth Amendment

8  claim was timely filed. Due to Plaintiff's *pro se* status, the Court will assume the

9  claim is brought under 42 U.S.C. § 1983. *See Azul-Pacifico, Inc. v. City of Los*

10  *Angeles*, 973 F.2d 704, 705 (9th Cir. 1992) ("[A] litigant complaining of a

11  violation of a constitutional right must utilize 42 U.S.C. § 1983."). A § 1983 claim

12  requires a plaintiff to prove that (1) a person acting under color of state law (2)

13  committed an act that deprived the plaintiff of some right, privilege, or immunity

14  protected by the Constitution or laws of the United States. *Leer v. Murphy*, 844

15  F.2d 628, 632–33 (9th Cir. 1988). Because § 1983 does not have its own statute of

16  limitation, federal courts apply the forum state's limitation period for tort actions.

17  *Action Apartment Ass'n v. Santa Monica Rent Control Bd.*, 509 F.3d 1020, 1026

18  (9th Cir. 2007); *Wallace v. Kato*, 549 U.S. 384, 387 (2007). Under Washington

19  law, this period is three years. *RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045,

20  1058 (9th Cir. 2002) (citing RCW 4.16.080(2)). However, federal law determines

1  when § 1983 statute of limitations accrue.  *Elliott v. City of Union City*, 25 F.3d

2  800, 802 (9th Cir. 1994).  The Ninth Circuit has held that the statute of limitations

3  begins to run when the plaintiff "knows or has reason to know of the injury that

4  forms the basis of the claim."  *Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001);

5  *Elliott*, 25 F.3d at 802.

6       The complaint alleges that the deprivation of Plaintiff's constitutional rights

7  occurred on or about December 19, 2018.  ECF No. 1 at 6, ¶ 3.  Therefore,

8  Plaintiff's complaint was due by December 19, 2021.  Plaintiff's complaint was

9  not filed until nearly two years later, on September 18, 2023.  *Id.* at 6.

10      Plaintiff claims that his injury has not accrued because the deprivation is

11  ongoing.  In fact, the statute of limitations started running on December 19, 2018,

12  at which point Plaintiff knew or had reason to know of the injury—that is, the

13  seizure of his firearms—which formed the basis of his Fourth Amendment claim.

14  The continuing violations doctrine, which Plaintiff appears to invoke, is

15  inapplicable because Plaintiff does not allege that other firearms have been seized

16  since; only that the original firearms taken remain in Defendant's possession.  *See*

17  *Ward v. Caulk*, 650 F.2d 1144, 1147 (9th Cir. 1981) ("A continuing violation is

18  occasioned by continual unlawful acts, not by continual ill effects from an original

19  violation.").  Thus, the Fourth Amendment claim must be dismissed with prejudice

20  because it was not filed within the three-year limitations period.

1    **B.    Second Amendment & RCW 7.105.340 Claims**

2          In the alternative, Plaintiff alleges that the Court should address (1) his claim

3    for Defendant's violation of his Second Amendment right and (2) his challenge to

4    the constitutionality of RCW 7.105.340.

5          To put a claim in issue, the pleading must contain "a short and plain

6    statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ.

7    P. 8(a)(2); *see also Moore v. Trader Joe's Co.*, 4 F.4th 874, 880 (9th Cir. 2021)

8    ("Dismissal of a complaint under Rule 12(b)(6) is appropriate when the complaint

9    fails to state sufficient facts creating a plausible claim to relief.").

10         As to his Second Amendment claim, Plaintiff argues that the challenge

11   should have been apparent from the "Memorandum of Authorities for the Second

12   Amendment" which he attached to his complaint.  Even construing this attachment

13   liberally, however, it was not apparent that Plaintiff intended to plead a Second

14   Amendment violation.  The attachment merely surveyed Supreme Court decisions

15   interpreting the Second Amendment and "[k]ey principles" therefrom; it did not

16   allege that Defendant violated Plaintiff's Second Amendment right or include any

17   supportive facts or analysis that would allow the Court to draw that inference.  *See*

18   ECF No. 2 at 15.

19         Likewise, Plaintiff did not mention a challenge to RCW 7.105.340 in his

20   complaint.  The Memorandum of Authorities on the Second Amendment merely

copied the language from RCW 7.105.340. ECF No. 2 at 16-17. The joint status report, which was the first explicit mention of Plaintiff's challenge to RCW 7.105.340, is an insufficient substitute for an amended complaint. ECF No. 6 at 4.

Even if the Court were to put these defects aside or to permit Plaintiff to file an amended complaint, Plaintiff's challenges would still fail because the Spokane Police Department, as a department of the City of Spokane itself, is not a legal entity subject to suit. Under Rule 17(b), the capacity of an entity to sue or be sued is determined by looking to the law of the state where the court is located. Fed. R. Civ. P. 17(b)(3). In Washington State, city or county departments, including police departments, are not legal entities subject to suit. *See Saved Magazine v. Spokane Police Dep't*, 505 F. Supp. 3d 1095, 1105 (E.D. Wash. 2020); *see also, e.g.*, *Broadus v. City of Bellevue*, No. C14-490-RAJ, 2015 WL 457803, at *3 (W.D. Wash. Feb. 3, 2015) (concluding the Bellevue Police Department was not a legal entity subject to suit under state or federal law).

Moreover, with respect to the Second Amendment violation, the statute of limitations is three years. Like the Fourth Amendment claim, the time to file has already expired. Accordingly, these claims are dismissed.

## C.    Leave to Amend

The Court construes Plaintiff's opposition to Defendant's motion to dismiss as a request for leave to amend his complaint. Under Rule 15(a), leave to amend a

pleading "should [be] freely give[n] ... when justice so requires."  Fed. R. Civ. P. 15(a)(2).  In deciding whether to grant leave, courts consider several factors, including (1) bad faith on the part of the movant; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; (5) and whether the plaintiff has previously amended the complaint.  *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011).  "Unless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."  *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).

As mentioned, Plaintiff's Second and Fourth Amendment claims are time-barred and could not be cured by further amendment, so those claims must be dismissed with prejudice.  This Court does not have jurisdiction to decide Plaintiff's state statutory claim.  Accordingly, that claim is dismissed without prejudice.

//

//

**ACCORDINGLY, IT IS HEREBY ORDERED:**

    1.  Defendant's Motion to Dismiss (ECF No. 14) is **GRANTED**.

    2.  Plaintiff's Second and Fourth Amendment claims are **DISMISSED WITH PREJUDICE**.

1       3.  Plaintiff's state statutory claim is **DISMISSED WITHOUT**

2       **PREJUDICE**.

3       The District Court Executive is directed to enter this Order and Judgment

4  accordingly, furnish copies to the parties, and **CLOSE** the file.

5       DATED April 30, 2024.



THOMAS O. RICE
United States District Judge